UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL RIDDICK, ET AL., | No. 2:13-cv-2304 KJM AC PS |
|---|---|
| Plaintiffs, | |
| v. | ORDER |
| ARNETT O. DAVIS, ET AL., | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se. Plaintiffs have requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiffs have submitted the affidavit required by § 1915(a) showing that plaintiffs are unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises

under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id.  In this case, plaintiffs do not allege a violation of "the Constitution, laws, or treaties of the United States."  Their only assertion of jurisdiction is based on the defendants' alleged fraudulent conduct associated with the sale of a business, but the mere assertion of fraud, without more, is insufficient to meet the plaintiffs' burden of establishing the existence of federal question jurisdiction.  See, e.g., Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) (noting burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction") (internal citation omitted).

Furthermore, the court finds that there is no diversity jurisdiction in this case.  In the complaint, plaintiffs assert that they are residents of Sacramento, California, and the defendants are residents of Suisun, California.  Additionally, plaintiffs seek $49,000 in damages.  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Since neither of these requirements is met here, diversity jurisdiction is lacking.  Accordingly, the complaint must be dismissed.  Plaintiffs will, however, be granted leave to amend.

If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under § 1983 unless there is some affirmative link between a defendant's actions and the claimed deprivation.  Rizzo v.

1  Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
2  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
3       In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order
4  to make plaintiffs' amended complaint complete.  Local Rule 15-220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiffs file an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
10      In accordance with the above, IT IS HEREBY ORDERED that:
11      1.  Plaintiffs' application to proceed in forma pauperis is granted;
12      2.  Plaintiffs' complaint is dismissed; and
13      3  Plaintiffs are granted thirty days from the date of service of this order to file an
14  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
15  and the Local Rules of Practice; the amended complaint must bear the docket number assigned
16  this case and must be labeled "Amended Complaint"; plaintiffs must file an original and two
17  copies of the amended complaint; failure to file an amended complaint in accordance with this
18  order will result in a recommendation that this action be dismissed.
19  DATED: December 4, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE