UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIDDICK, ET AL., | No. 2:13-cv-2304 KJM AC PS |
| Plaintiffs, | |
| v. | <u>FINDINGS & RECOMMENDATIONS</u> |
| ARNETT O. DAVIS, ET AL., | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se and in forma pauperis. Plaintiffs' original complaint was dismissed on December 4, 2013 for lack of jurisdiction, and plaintiffs were granted leave to file a first amended complaint with a directive to clearly set forth the grounds upon which the court's jurisdiction depends. Plaintiffs, residents of Sacramento, California, have now filed a first amended complaint against defendants Arnett O. Davis and Ruby P. Davis, both residents of Suisin, California, for fraud / misrepresentation and intentional infliction of emotional distress. Plaintiffs seek damages in excess of $75,000.00.

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting <u>Franchise Tax Bd.</u>

1

1  v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  The presence or absence of
2  federal-question jurisdiction is governed by the "well-pleaded complaint rule."  Caterpillar, Inc.
3  v. Williams, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal
4  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly
5  pleaded complaint."  Id.

6      In this case, plaintiffs again fail to allege a violation of "the Constitution, laws, or treaties
7  of the United States."  Their only assertion of jurisdiction is based on the defendants' alleged
8  fraudulent conduct associated with the sale of a non-profit organization and a suspected Ponzi
9  scheme, but plaintiffs were previously informed that the mere assertion of fraud, without more, is
10 insufficient to meet the plaintiffs' burden of establishing the existence of federal question
11 jurisdiction.  See, e.g., Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir.
12 2006) (noting burden of establishing subject matter jurisdiction "rests upon the party asserting
13 jurisdiction") (internal citation omitted).

14     Furthermore, the court finds that there is no diversity jurisdiction in this case.  In the first
15 amended complaint, plaintiffs assert that they are residents of Sacramento, California, and the
16 defendants are residents of Suisun, California.  Pursuant to 28 U.S.C. § 1332, federal district
17 courts have original jurisdiction over civil actions in diversity cases where the matter is between
18 "citizens of different states."  Since this requirement is not met here, diversity jurisdiction is
19 lacking.  Accordingly, the complaint must be dismissed.  Because the plaintiffs have failed to
20 allege any facts that would suggest that this court has jurisdiction over this action, the
21 undersigned will recommend that leave to amend be denied.

22     In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiffs' first
23 amended complaint be dismissed without leave to amend.

24     These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
26 after being served with these findings and recommendations, any party may file written
27 objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a
28 document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 6, 2014

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE